# In the United States Court of Federal Claims

No. 24-1384C
Filed: September 10, 2024
NOT FOR PUBLICATION

|   |
|---|
| **TERRANCE ERVEN WALL, JR.,** *Plaintiff,* v. **UNITED STATES,** *Defendant.* |

**ORDER**

The plaintiff, proceeding *pro se*, filed this action on September 4, 2024. The case was docketed on September 6, 2024. The plaintiff contemporaneously filed a motion for leave to proceed *in forma pauperis*.[1]

The complaint fails to identify a non-frivolous basis for Tucker Act jurisdiction over the plaintiff's claims and is dismissed pursuant to Rules 12(b)(1) and 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC").

Before considering the merits of a plaintiff's claims, a court must first determine that it has jurisdiction to hear the case. Jurisdiction is a threshold matter that a court must resolve before it addresses the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). A federal court has a responsibility to ensure that it has jurisdiction over any claims asserted. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019). A court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis" for the court to take that action. *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006). At this stage of the case, all the plaintiff's nonfrivolous factual allegations are assumed to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

The plaintiff is proceeding *pro se*. As a result, his pleadings are entitled to a more liberal construction than they would be given if prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). Giving a *pro se* litigant's pleadings a liberal construction does

---

[1] Based on the information contained in the plaintiff's motion, the plaintiff is eligible to proceed *in forma pauperis*, and the plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**.

not divest the *pro se* plaintiff of the responsibility of demonstrating that the complaint satisfies the jurisdictional requirements that limit the types of claims the Court of Federal Claims may entertain. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The complaint is supported by an attached "affidavit of facts/truth," that itself has several attachments and totals 100 pages. The allegations of the complaint and the supporting affidavit and its attachments are assumed to be true at this stage of the case. The plaintiff alleges that he was struck by a hit-and-run driver. Emergency services responded, and the plaintiff was found unconscious.[2] The plaintiff was arrested for illegal possession of a handgun that was alleged to have been found by his person when police and emergency responders found the plaintiff unconscious. The plaintiff alleges that the Baltimore, Maryland police, the prosecutors from the State's Attorney's Office for Baltimore City, his public defenders, and the district and circuit courts of Maryland for Baltimore City have violated a laundry list of the plaintiff's rights. As relief, the plaintiff seeks an order of mandamus against the state courts and damages in the amount of $500 billion. He appears to want an order releasing him and terminating the criminal charges against him as well, although the complaint and its supporting affidavit are rambling and not entirely coherent.

The jurisdiction of the Court of Federal Claims is established by the Tucker Act, 28 U.S.C. § 1491(a)(1), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Tucker Act waives the sovereign immunity of the federal government to allow jurisdiction in the Court of Federal Claims if a claim is: "(1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the [United States], or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained," unless arising from a tort. *Curie v. United States*, 163 Fed. Cl. 791, 799 (2022) (citing, *inter alia, United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009)).

Under the Tucker Act, the Court of Federal Claims does not have jurisdiction over any defendants other than the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("if the relief sought is against others than the United States the suit as to them must be ignored

---

[2] There are indications in the documents attached to the plaintiff's affidavit that authorities suspected the plaintiff was unconscious due to a drug overdose. For purposes of determining whether jurisdiction exists over the complaint, the plaintiff's version is assumed to be true.

as beyond the jurisdiction of the [predecessor to the Court of Federal Claims]"). Accordingly, to the extent a complaint seeks relief from defendants other than the United States, the Court of Federal Claims lacks jurisdiction to consider those claims, and the complaint must be dismissed against any defendants other than the United States for lack of jurisdiction.

The plaintiff's complaint names the United States as a defendant but fails to identify any claim against the United States. There is no allegation that the plaintiff has a contract with the United States, that the United States took the plaintiff's property, that the United States has failed to pay the plaintiff, or that the United States has illegally exacted funds from the plaintiff. The complaint is opaque as to the basis for any claim against the United States founded on a money-mandating provision of law.[3] In short, the plaintiff alleges no conduct by the United States that caused his any injury.

The plaintiff's allegations are against the police, prosecutors, public defenders, and judges and personnel of the district and circuit courts of Maryland for Baltimore City for alleged violations of myriad of the plaintiff's constitutional and legal rights. For relief, the plaintiff seeks both equitable relief (a writ of mandamus to state judges) and money damages.[4] Under 28 U.S.C. § 1491(a), the Court of Federal Claims generally lacks authority to award equitable relief, except in connection with an award of money damages.

While the complaint and its supporting affidavit mention various federal agencies and officials in passing as putative defendants, these documents lack any allegations that any agency or official of the United States has injured the plaintiff. In the absence of any basis for imposing monetary liability on the United States, the Court of Federal Claims lacks jurisdiction over the plaintiff's claim, and the complaint must be dismissed. RCFC 12(b)(1) and 12(h)(3).

Before dismissing a complaint for lack of jurisdiction, 28 U.S.C. § 1631 requires the court to consider whether to transfer the case to a federal court that could properly exercise jurisdiction. The allegations effectively challenge the filing of criminal charges against the plaintiff remain pending and, accordingly, likely either fail to state a claim on which relief can be granted or are premature. *See Younger v. Harris*, 401 U.S. 37, 53 (describing "the settled doctrines that have always confined very narrowly the availability of injunctive relief against state criminal prosecutions"); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a

---

[3] To the extent the complaint cites a long list of federal statutory and constitutional provisions, as well as state constitutional provisions and federal treaties as bases for liability, none appear to be money-mandating sources of law for purposes of jurisdiction in the Court of Federal Claims.

[4] The plaintiff acknowledged that his damages claim is predicated on alleged torts, repeatedly referring to the case as a "Big Tort Claims Action," though none of these torts was allegedly committed by an agent of the United States. Under the Tucker Act, the Court of Federal Claims lacks jurisdiction over claims against the United States based on a tort.

[42 U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed"). As a result, transfer to another federal court is not in the interest of justice.

Even construed liberally, the complaint fails to state a plausible claim for relief within the limited jurisdiction of the Court of Federal Claim and is frivolous. Accordingly, the complaint is **DISMISSED** without prejudice pursuant to RCFC 12(b)(1) and 12(h)(3). The Clerk is **DIRECTED** to enter judgment accordingly. No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**